UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELISSIA STROUD,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.

CASE NO. 8:21-cv-01828

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes FELISSIA STROUD ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of CAPIO PARTNERS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes § 559.55 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Middle District of Florida and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Tampa, Florida, which lies within the Middle District of Florida.

5. Defendant is a third-party debt collector describing the nature of its services as: "We purchase aged healthcare receivables at any point in your revenue cycle."[1] Defendant is a limited liability company organized under the laws of the state of Texas with its principal place of business located at 2222 Texoma Parkway, Suite 150, Sherman, Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect on a consumer debt ("subject debt") that Plaintiff allegedly owes.

8. Plaintiff purportedly incurred the subject debt for personal and family household goods and/or services.

9. Upon information and belief, after Plaintiff's purported default, the subject debt was placed with Defendant for collection purposes.

10. Around the summer 2021, Plaintiff began receiving calls to her cellular phone, (813) XXX-2178, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2178. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://capiopfw.com/

12. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (727) 478-1018, (727) 233-4040, and (727) 472-7957.

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

14. Upon speaking to Defendant, Plaintiff requested on multiple occasions that Defendant cease contacting her.

15. Defendant willfully ignored Plaintiff's demands and continued placing phone calls to Plaintiff's cellular phone up until the filing of this lawsuit.

16. Plaintiff has received numerous phone calls from Defendant since she demanded it to stop calling.

17. On multiple instances, Plaintiff received several calls from Defendant in a single day, even after Plaintiff demanded that Defendant cease calling her.

18. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, interfering with Plaintiff's ability to work, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692c(a)(1) and § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§ 1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. This recurring behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

   b. **Violations of FDCPA § 1692e**

4

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Furthermore, Defendant violated § 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her. Defendant continued to contact Plaintiff. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it did not.

    c. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, FELISSIA STROUD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Florida Statutes § 559.55(8).

36. Defendant is a "debt collector" as defined by Florida Statutes § 559.55(7).

37. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

**a. Violations of FCCPA § 559.72(7)**

38. A debt collector violates § 559.72(7) of the FCCPA when it "[w]illfully communicate[s] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

39. Defendant violated § 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after she demanded that it stop calling. Instead of abiding by Plaintiff's wishes, Defendant continued its intensive calling campaign to Plaintiff's cellular phone. The frequency of calls is reasonably expected to abuse or harass Plaintiff. This calling campaign was done in an effort to harass Plaintiff into making a payment.

WHEREFORE, Plaintiff, FELISSIA STROUD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. § 559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. § 559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: July 30, 2021

Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com